**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2020
Decided December 1, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1634

| | |
|---|---|
| WILLIAM A. PANGMAN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-C-1615 |
| KEITH L. SELLEN and LORRY ELDIEN, | Lynn Adelman, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

William Pangman sued two employees of Wisconsin's Office of Lawyer Regulation ("OLR") under 42 U.S.C. § 1983 for alleged violations of his constitutional rights that occurred during an investigation into whether to reinstate his license to practice law. Shortly after Pangman filed this suit, the Wisconsin Supreme Court denied his petition for reinstatement. The district court dismissed the complaint for failure to state a claim upon which relief could be granted. Because Pangman filed his suit before the state-court judgment was entered, the *Rooker-Feldman* doctrine does not deprive this court of jurisdiction. But the judge correctly determined that Pangman did not state a claim, so we affirm.

In 1998 the Wisconsin Supreme Court suspended Pangman from practicing law for both administrative and disciplinary reasons. Pangman's conduct in his postdivorce litigation resulted in a disciplinary suspension starting in April 1998. *In re Disciplinary Proceedings Against Pangman*, 574 N.W 2d 232 (Wis. 1998). The suspension was for 90 days, but Pangman's license would remain inactive until he paid the costs of the proceeding. *Id.* at 241. In June of the same year, the court suspended him for not complying with Wisconsin's mandatory continuing legal education requirements. His license was suspended again in October for failing to pay bar dues.

More than 20 years later, Pangman (who now resides primarily in the Dominican Republic) petitioned for reinstatement from all three suspensions. Pangman's petition was subject to the rules promulgated by the Wisconsin Supreme Court. When a suspended attorney has not been reinstated after three years, the attorney must file a petition for reinstatement with the Wisconsin Supreme Court. *See* WIS. S. CT. R. 22.28(1)(c)–(d). The court refers the petition to the OLR to investigate the petitioner's eligibility for reinstatement and recommend whether the court should grant or deny the petition. *See id.* R. 10.03(6m)(b); 31.11(1m)(a), (c). The OLR investigation includes whether the petitioner has "good moral character and the fitness to practice law" in Wisconsin. *Polk v. Office of Lawyer Regulation*, 732 N.W.2d 419, 421 (Wis. 2007). The OLR must submit a recommendation to the court within 90 days of receiving the petition. *See* WIS. S. CT. R. 31.11(1m)(c).

Several days after receiving Pangman's petition for reinstatement on July 19, 2019, the OLR opened an investigation. Later that month on the OLR's recommendation, the Wisconsin Supreme Court reinstated Pangman from his disciplinary suspension after determining that he had been making regular payments toward the costs of the proceeding, but his administrative suspensions remained in effect. Over the next few months, the OLR contacted Pangman several times for further information omitted from his petition. He provided some, but he also argued that the OLR was engaged in "unadopted rule usurpation" and the investigator showed "sentiments of potentially retaliatory resentment" in her questions. Pangman urged the investigator to narrow the scope of the inquiry because it extended beyond the investigative power delegated by the court. On October 16 (the day before the 90-day deadline for submission of the OLR report), the OLR sent a letter to the court (copying Pangman) explaining that because of its back and forth with Pangman about additional information, it could not complete its investigation within the deadline but would submit a recommendation no later than December 1.

Pangman then filed this suit in the Eastern District of Wisconsin on November 4, 2019, against Keith Sellen, the Director of the OLR, and Lorry Eldien, the investigator. Pangman alleged that they deprived him of substantive due process by withholding his law license and of procedural due process by failing to provide proper notice and a hearing or to submit a report within the 90-day time frame. He also asserted that the OLR employees violated the Equal Protection Clause under a class-of-one theory by penalizing Pangman for "conduct for which other attorneys enjoy no such impediment." Finally, Pangman asserted that the OLR's role in the attorney reinstatement process is a constitutionally impermissible violation of separation of powers. Pangman sought a court order requiring the OLR to recommend reinstatement. He also requested damages incurred because of the alleged violations, such as loss of potential income during the investigation. The defendants quickly moved to dismiss the complaint.

Three weeks after Pangman filed suit, the OLR filed its recommendation against reinstating Pangman with the Wisconsin Supreme Court. The report articulated multiple concerns about his activities over the past 20 years that raised questions about his moral character and fitness to practice law. To give a few examples: The report explained that Pangman had criminal charges filed against him in 2004 for eight counts of failing to pay child support that resulted in a bench warrant when he did not show up for court. It also expressed concern about how Pangman had been supporting himself for two decades; he claimed involvement in different capacities with over 200 companies, but he would not elaborate on the dates of his involvement or what positions he held. The report explained Pangman had unsatisfied tax warrants in several counties in Wisconsin and that he has also not paid United States taxes while residing in the Dominican Republic. Pangman did not file a response, and on February 11, 2020, the Wisconsin Supreme Court denied his petition for reinstatement.

The next month the district court dismissed Pangman's complaint for failure to state a claim. The judge concluded that neither his due-process claim nor his equal-protection claim could survive the defendants' motion to dismiss. Assuming without deciding that Pangman had a property or liberty interest in the reinstatement of his law license, the judge determined that the OLR did not deprive him of any interest because its role is purely investigatory. The judge also concluded that the equal-protection challenge could not proceed because Pangman did not identify what alleged conduct was discriminatory. He explained that although he would ordinarily grant leave to amend, Pangman's many filings made it clear he had no viable claim, so amendment would be futile.

On appeal Pangman argues that the judge erred by dismissing his case because he pleaded valid § 1983 claims for due-process violations, an equal-protection class-of-one claim, and a separation-of-powers claim.

First, we assure that these claims are not jurisdictionally barred by the *Rooker-Feldman* doctrine as an attempt to challenge a state-court judgment. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). At first glance the doctrine seems applicable; indeed, as the defendants point out, the case is quite like *Feldman*. Although Pangman's arguments focus on the OLR's procedures rather than directly challenging the Wisconsin Supreme Court's judgment, the primary wrong Pangman wishes to redress is the court's refusal to reinstate his law license. Attempts to challenge a final judgment masquerading as attempts to challenge procedures are jurisdictionally barred. *See Jakupovic v. Curran*, 850 F.3d 898, 903 (7th Cir. 2017); *Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 605 (7th Cir. 2008).

Yet *Rooker-Feldman* does not apply because Pangman filed his suit before the Wisconsin Supreme Court issued its judgment. As the Supreme Court has explained, the *Rooker-Feldman* doctrine applies only to suits by state-court losers, whose injuries were caused by state-court judgments "rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, Pangman filed the complaint in federal court on November 4, 2019, before the Wisconsin Supreme Court denied his petition for reinstatement on February 11, 2020, and even before the OLR submitted its recommendation to the court on November 29, 2019. Although Pangman's complaint seemed to anticipate the court's adverse ruling, he was not aggrieved by any judgment at the time he sued. And the Supreme Court has made clear that the entry of a state-court judgment after a federal lawsuit has commenced also does not trigger a jurisdictional bar. *See id*. at 292.

Because we have jurisdiction, we turn to Pangman's challenge to the dismissal of his complaint, a decision we review de novo, accepting his factual allegations as true and drawing reasonable inferences in his favor. *Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018). Pangman first contends that he stated a procedural due-process claim against the defendants. He needed to allege that the defendants deprived him of a valid liberty or property interest without adhering to the basic procedural obligations required by the Due Process Clause. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985); *Black Earth Meat Mkt., LLC v. Village of Black Earth*, 834 F.3d 841, 848–49 (7th Cir. 2016). The district court assumed that Pangman had a property interest in his right to practice law. State law dictates whether a professional license is property for purposes

of federal due process. *Babchuk v. Ind. Univ. Health, Inc.*, 809 F.3d 966, 969 (7th Cir. 2016). Although the Wisconsin Supreme Court has explained that a candidate not admitted to the bar has no liberty or property interest in employment in the legal profession, *see In re Martin*, 510 N.W.2d 687, 692–93 (Wis. 1994), it is not clear whether this applies to the reinstatement of a law license.

Regardless, even if Pangman had a protected interest in reinstatement, the OLR defendants did not—and could not—deprive him of that interest. For liability to exist under § 1983, an individual must have "personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (quoting *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)). Pangman asserts that the OLR employees are personally involved because they failed to conduct a timely investigation, would not provide him with notice or a hearing, and "refus[ed] to lift the suspension." But the OLR investigates reinstatement petitions and provides a recommendation to the Wisconsin Supreme Court. *See* WIS. S. CT. R. 31.11(1m)(c). The employees of the OLR have no power to grant or deny Pangman's petition. *See id*. R. 21.09(1), 31.11(1m)(a). The OLR's failure to submit the report within 90 days as required by the Wisconsin Supreme Court also did not violate Pangman's federal due-process rights. The Constitution "does not enforce compliance with state procedural rules." *Manley v. Law*, 889 F.3d 885, 893 (7th Cir. 2018). Moreover, Pangman himself slowed the process: the OLR explained that it would be several weeks late submitting the report because of difficulty communicating with and gathering additional information from Pangman. Finally, from the complaint it is clear that Pangman received the cornerstones of due process, including notice of the proceedings (he initiated them) and an opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). But he failed to engage fully with the OLR investigation and did not respond to its filing with the Wisconsin Supreme Court before the court denied his petition.

Pangman asserts that the defendants also violated his substantive due-process right (a theory the district court did not address), but this claim cannot proceed either. Substantive due process is very limited in scope and protects against "only the most egregious and outrageous government action." *Campos v. County of Cook*, 932 F.3d 972, 975 (7th Cir. 2019). To state a substantive due-process claim, a plaintiff must allege that the government abused its power in a manner that is "so arbitrary and oppressive that it shocks the conscience." *Catinella v. County of Cook*, 881 F.3d 514, 519 (7th Cir. 2018). Nothing in Pangman's complaint about the actions of the OLR comes remotely close to shocking the conscience. Rather, the employees requested additional relevant

information and then delivered a report and recommendation to the Wisconsin Supreme Court, as state law requires. *See* WIS. S. CT. R. 10.03(6m)(b); 31.11(1m)(a), (c).

Pangman also argues that he stated an equal-protection claim because the OLR discriminated against him as a "class of one." To survive a motion to dismiss on a class-of-one claim, a plaintiff must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685–86 (7th Cir. 2013) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Here, even if the OLR did treat Pangman differently than similarly situated individuals by asking more follow-up questions, his own complaint reveals the rational basis for doing so. *See Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015). Pangman explained that he had been unable to provide documentation about his financial and employment history that other individuals routinely provide to the OLR. The Wisconsin Supreme Court has explained that employment during a suspension is relevant to investigating a petition for reinstatement, *see In re Disciplinary Proceedings against Riley*, 882 N.W.2d 820, 832–33 (Wis. 2016), so the OLR had a rational basis for asking Pangman for more information.

Pangman also asserts he stated a claim for a violation of "separation of powers." But the federal doctrine of separation of powers is irrelevant. And the "Constitution does not prescribe any particular separation of powers, or other internal structure, of state government." *Pittman v. Chi. Bd. of Educ.*, 64 F.3d 1098, 1102 (7th Cir. 1995).

Finally, Pangman asserts that the district court erred by not granting his motion for reinstatement to the bar of the Eastern District of Wisconsin. But the judge properly refrained from acting on this request. As the judge noted at the hearing, federal bar admission is an administrative process determined by the Clerk of Court, not a judge. E.D. WIS. LOCAL R. 83(c)(2). The Eastern District of Wisconsin imposes reciprocal discipline on a lawyer who is suspended from practice by the highest court in a state where the lawyer is licensed, *see id.*, but that, too, has nothing to do with this case, which involves admission to the Wisconsin bar, *see* WIS. S. CT. R. 21.01-02.[1]

AFFIRMED

---

[1] The attorney admission roll of the Eastern District of Wisconsin reflects that Pangman is suspended, *see* https://ecf.wied.uscourts.gov/cgi-bin/BarLookup.pl (last visited Nov. 18, 2020), but he has not informed us whether he ever filed a request for reinstatement. Given the reciprocal discipline rule, it likely would not matter.